UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACKIELYN MICHELLE ENGLISH,

      Plaintiff,

v.                                                     CASE NO.:   5:25-cv-326-JLB-PRL

DEPARTMENT OF CORRECTIONS,
DELGADO, and BAKER,

      Defendants.
_____/

## ORDER

    This action is again before the Court for screening purposes.   Plaintiff Jackielyn Michelle English, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.   (Doc. 1).   Plaintiff is proceeding as a pauper.   (Doc. 6).   In an order dated December 5, 2025, the Court dismissed Plaintiff's amended complaint for failure to state a claim but afforded Plaintiff an opportunity to cure the deficiencies by filing a second amended complaint.   (Doc. 29).   Plaintiff timely filed a second amended complaint on December 16, 2025.[1]   (Doc. 30).   However, because the second amended complaint failed to cure the deficiencies and fails to state a claim, the Court dismisses this action with prejudice.

------

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed.   Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

## I.    LEGAL STANDARD

Under 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed.    Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.    In addition, 28 U.S.C. § 1915(e) directs courts to dismiss in forma pauperis actions that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.    28 U.S.C. § 1915(e)(2).    A complaint is frivolous if it is without arguable merit either in law or in fact.    Neitzke v. Williams, 490 U.S. 319, 325 (1989).    The Court must read a plaintiff's pro se allegations liberally.    See Haines v. Kerner, 404 U.S. 519 (1972).

Dismissals under 28 U.S.C. § 1915A(b) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure.    Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).    Under Rule 12(b)(6), a complaint may be dismissed if the facts do not state a claim to relief that is plausible on its face.    See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on

their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). In addition to liberally construing a pro se plaintiff's allegations, see Haines v. Kerner, 404 U.S. 519 (1972), the Court accepts as true all facts alleged in the complaint. See Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008)

## II.  CLAIMS

In her second amended complaint (Doc. 30), Plaintiff sues Warden Baker and Assistant Warden Delgado of the Lowell Correctional Institute in Ocala, Florida, in both their individual and official capacities. While the second amended complaint is sparse on details, Plaintiff asserts that she has been hit and attacked by other inmates on different occasions while incarcerated at Lowell CI. (Id. at 3–4). She also states that she has been injured from falls. (Id. at 4). Plaintiff states that she is in pain due to arthritis in her lower back, severe scoliosis, and an untreated neck injury. (Id. at 5). For relief, Plaintiff requests monetary damages. (Id.)

## III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived her of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and

the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

While "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

## A. Official Capacity Claims

Official-capacity claims are "only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Baker and Delgado—employed by the Florida Department of Corrections (FDOC) at the time of the incidents set forth in the complaint—are essentially claims against the FDOC. The Eleventh Amendment generally bars suits for damages by an individual against a state, its agencies, and its employees, unless Congress has abrogated the state's

sovereign immunity, or the state has consented to suit.   Schultz v. Alabama, 42 F.4th 1298, 1314 (11th Cir. 2022).   Congress has not abrogated the states' sovereign immunity in damages actions under section 1983.   Will v. Mich. Dep't of State Police, 491 U.S. 58, 67–68 (1989).   Because the FDOC is entitled to Eleventh Amendment immunity, Plaintiff's official-capacity claims for damages are dismissed.   See Leonard v. Fla. Dep't of Corr., 232 F. App'x 892, 894 (11th Cir. 2007) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment." (citing Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989))).

## B. Individual Capacity Claims

The Eighth Amendment requires prison officials to ensure that prisoners receive adequate food, clothing, shelter, and medical care, and officials must "take reasonable measures to guarantee the safety of the inmates."   Farmer v. Brennan, 511 U.S. 825, 832 (1994).   Thus, a prison inmate has a constitutional right to protection from violence and physical assault by other inmates.   Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984).   However, "[i]n the jail setting, a risk of harm to some degree always exists by the nature of its being a jail," and not every dangerous or objectionable prison condition rises to the level of an Eighth Amendment violation.   Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).   For example, "[m]erely negligent failure to protect an inmate from attack does not justify liability under section 1983[.]"   Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).   Instead, to state an

Eighth Amendment failure-to-protect claim, Plaintiff must allege facts plausibly showing "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm[.]"  Farmer, 511 U.S. at 828.  And "to be deliberately indifferent, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Chatham v. Adcock, 334 F. App'x 281, 291 (11th Cir. 2009) (emphasis in original (quoting Farmer, 511 U.S. at 837)).[2]   "The known risk of injury must be a strong likelihood, rather than a mere possibility[,] before a[n official]'s failure to act can constitute deliberate indifference."  Brown, 894 F.2d at 1537 (internal quotation marks omitted).

A court's consideration of whether there was a strong likelihood of an injury occurring cannot be based on "hindsight bias."  Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015).   The complained-of condition—violence among inmates— must have resulted in so many incidents or injuries that such incidents or injuries were "the norm or something close to it."  Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting Purcell, 400 F.3d at 1322).   Thus, to state a plausible claim, an inmate must allege more than a "generalized awareness of risk." Marbury, 936 F.3d at 1234; Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (recognizing that before a defendant's "awareness arises to a sufficient level of culpability," he "must be aware of specific facts from which an inference could be

---

[2] The Court cites unpublished opinions when found to be persuasive on a particular point.  See 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

drawn that a substantial risk of serious harm exists," and he must draw that inference).

Accepting Plaintiff's scant and generalized allegations in her second amended complaint as true, she has alleged, at most, a "mere possibility" that the defendants' failure to ensure greater security at the prison would result in Plaintiff being injured by another inmate.   Plaintiff does not allege facts that would permit the inference "that serious inmate-on-inmate violence was the norm or something close to it" at the prison.   See Purcell, 400 F.3d at 1322.   To the contrary, other than her generalized complaints of violence among inmates, she mentions no prior similar incidents of inmate-on-inmate violence of which the defendants were aware.   Nor does Plaintiff allege that any inmates have previously threatened anyone or engaged in recent behavior that would have put defendants on notice that she would attack another inmate. (See generally Doc. 30).   To the extent Plaintiff's second amended complaint can be construed as alleging any conduct by Warden Baker and Assistant Warden Delgado, any such conduct constitutes negligence, not deliberate indifference to a known risk of serious harm.   See Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) (recognizing that an official's "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence").

And to the extent Plaintiff's second amended complaint can be construed to attempt to state claims against the defendants related to the processing of her grievances (Doc. 30 at 5), such allegation fails to state a claim because inmates have

"no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014) (citing Bingham, 654 F.3d at 1177 (11th Cir. 2011); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)). Additionally, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (collecting cases).

In short, Plaintiff has not stated an Eighth Amendment claim. See Fed. R. Civ. P. 12(b)(6).

### C. Dismissal with prejudice is warranted.

Plaintiff has twice been afforded the opportunity to amend her complaint. Plaintiff's second amended complaint has failed to cure the deficiencies previously identified by the Court, and it is due to be dismissed for failure to comply with Court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The Court also concludes that any further amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.") (citation omitted).

### IV.    CONCLUSION

For these reasons, Plaintiff's second amended complaint is dismissed with

prejudice for failure to state a claim.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Second Amended Complaint (Doc. 30) is **DISMISSED with prejudice** for failure to state a claim.

2. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**DONE AND ORDERED** in Tampa, Florida this 4th day of February 2026.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

SA:   OCAP-2
Copies: Plaintiff